UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO CORREA-CORREA,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>SERGIO ALBARRAN, et al.,<br><br>　　　　　　Respondents. | No. 1:26-cv-01283-DAD-CKD<br><br>ORDER CONVERTING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER TO A MOTION FOR PRELIMINARY INJUNCTION AND GRANTING THAT MOTION<br><br>(Doc. No. 5) |

　　　　This matter is before the court on petitioner's motion for a temporary restraining order. (Doc. No. 5.) Respondents filed their opposition thereto on February 18, 2026.[1] (Doc. No. 7.) Petitioner filed his reply on February 19, 2026.

　　　　Petitioner most recently entered the United States on May 28, 2016, at which time he was contacted by border patrol. (Doc. No. 7-1 at 3.) Petitioner had been previously removed from the United States on August 21, 2014. (*Id*. at 6, 26.) On November 28, 2016, petitioner's final order of removal was reinstated. (*Id*. at 46.) Petitioner was released on his own recognizance that same day in 2016. (*Id*. at 4.) On May 16, 2023, petitioner was convicted of a misdemeanor violation

---

[1] Respondents state therein that they do not oppose converting the motion for temporary restraining order to a motion for preliminary injunction, and they do not request a hearing on the latter motion. (Doc. No. 7 at 2.)

1

1  of California Penal Code § 647(i).  (*Id*. at 41.)  Respondents also assert that petitioner missed a
2  home visit check-in on May 8, 2025.  (*Id*. at 6.)  Petitioner was re-detained on December 9, 2025,
3  by Immigration and Customs Enforcement ("ICE") Officers.  (*Id*.)  Both parties appear to agree
4  that petitioner is in withholding of removal proceedings.  (Doc. Nos. 7 at 4; 9 at 2.)

5      Petitioner initially argues that he is detained pursuant to 8 U.S.C. § 1226(a) and his re-
6  detention violates due process.  (Doc. No. 5 at 5–6.)  Respondents argue in their opposition that
7  petitioner is not likely to succeed on the merits of his claim because he is subject to detention
8  pursuant to 8 U.S.C. § 1231(a)(6) and his re-detention was justified because he violated the
9  conditions of his release.  (Doc. No. 7 at 6.)  In his reply, petitioner argues that, even assuming
10 § 1231 applies, procedural due process requires notice and an opportunity to be heard prior to the
11 deprivation of petitioner's liberty interest.  (Doc. No. 9 at 2–3.)

12     Noncitizens subject to final removal orders who have previously been removed and
13 reenter the United States without authorization are subject to detention pursuant to 8 U.S.C.
14 § 1231, even when they apply for withholding of removal.  *Johnson v. Guzman Chavez*, 594 U.S.
15 523, 533 (2021) (holding that § 1231, not § 1226, governs in such situations).  The court therefore
16 finds that the applicable detention authority is § 1231(a)(6) because petitioner is subject to the
17 2014 final removal order, which was re-instated on November 28, 2016.  (Doc. No. 7-1 at 3, 46.)

18     This court previously addressed the regulations which govern a noncitizen's revocation of
19 release while a final removal order is pending in *Uzzhina v. Chestnut*, No. 1:25-cv-01594-DAD-
20 SCR, 2025 WL 3458787, at *3–4 (E.D. Cal. Dec. 2, 2025) (noting that ICE has a duty to follow
21 its own regulations, that failure to do so may result in a due process violation, and that 8 C.F.R. §
22 241.4(l) and 8 C.F.R. § 241.13(i) indicate that, when ICE revokes release to effectuate removal, it
23 is [ICE's] burden to show a significant likelihood that the alien may be removed).  Here, the
24 evidence submitted by respondents indicates that petitioner was detained by ICE officers who told
25 petitioner he was "under arrest" for an "immigration violation."  (Doc. No. 7-1 at 6.)  The
26 evidence does not indicate that petitioner was provided notice of the underlying violation being
27 alleged or afforded an informal interview to give him the opportunity to respond to the reasons
28 for revocation, as required by 8 C.F.R. § 241.4(l) and 8 C.F.R. § 241.13(i).  (*Id*.)  Therefore,

pursuant to the court's reasoning as stated in *Uzzhina*, the court finds that petitioner is likely to succeed on the merits of his due process claim because ICE's failure to follow its own regulations in this instance is likely a violation of due process.

Accordingly, for the reasons stated above,

1. Petitioner's motion for a temporary restraining order (Doc. No. 2) is CONVERTED into a motion for a preliminary injunction and hereby GRANTED:

    a. Respondents are ORDERED to immediately release petitioner from respondent's custody;

    b. Respondents are ENJOINED and RESTRAINED from re-detaining petitioner, absent exigent circumstances, without providing petitioner notice and a pre-deprivation hearing before a neutral adjudicator;

2. Under the circumstances of the case, petitioner will not be required to post a bond pursuant to Federal Rule of Civil Procedure 65(c); and

3. This case is referred to Magistrate Judge Carolyn K. Delaney for further proceedings on the underlying petition (Doc. No. 1).

IT IS SO ORDERED.

Dated:   **February 20, 2026**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE