UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICARDO CORREA-CORREA,
(A Number 206-465-918)

        Petitioner,

    v.

SERGIO ALBARRAN, et al.,

        Respondents.

No.  1:26-cv-1283-DAD-CKD P

FINDINGS AND RECOMMENDATIONS

Petitioner Ricardo Correa-Correa filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, arguing his re-detention without a hearing violated the Fifth Amendment. (ECF No. 1.) For the following reasons, the undersigned recommends the petition be granted, the preliminary injunctive relief already ordered be made permanent, and this case be closed.

Petitioner most recently entered the United States on May 28, 2016, at which time he was contacted by border patrol. (ECF No. 7-1 at 3.) Petitioner had been previously removed from the United States on August 21, 2014. (Id. at 6, 26.) On November 28, 2016, petitioner's final order of removal was reinstated. (Id. at 46.) Petitioner was released on his own recognizance that same day in 2016. (Id. at 4.) On May 16, 2023, petitioner was convicted of a misdemeanor violation of California Penal Code § 647(i). (Id. at 41.) Respondents also assert petitioner missed a home visit check-in on May 8, 2025. (Id. at 6.) Petitioner was re-detained on December 9, 2025,

1

by Immigration and Customs Enforcement ("ICE") Officers. (Id.) Petitioner is in withholding-only proceedings. (ECF No. 7 at 4; 9 at 2.)

On the same day he filed the petition, petitioner filed a motion for a temporary restraining order ("TRO"). (ECF No. 5.) Respondents filed an opposition to the motion for TRO. (ECF No. 7.)

On February 20, 2026, the district judge assigned to this case converted the motion for TRO into a motion for a preliminary injunction and granted the motion, finding "petitioner is likely to succeed on the merits of his due process claim because ICE's failure to follow its own regulations in this instance is likely a violation of due process." (ECF No. 10 at 3.) The district judge explained "[t]his court previously addressed the regulations which govern a noncitizen's revocation of release while a final removal order is pending in Uzzhina v. Chestnut, No. 1:25-cv-01594-DAD-SCR, 2025 WL 3458787, at *3–4 (E.D. Cal. Dec. 2, 2025) (noting that ICE has a duty to follow its own regulations, that failure to do so may result in a due process violation, and that 8 C.F.R. § 241.4(l) and 8 C.F.R. § 241.13(i) indicate that, when ICE revokes release to effectuate removal, it is [ICE's] burden to show a significant likelihood that the alien may be removed)." (Id. at 2.) The district judge referred this matter to the undersigned for further proceedings. (Id. at 3.)

On February 26, 2026, the undersigned ordered pursuant to 28 U.S.C. § 2243 that respondents file any answer to the pending petition within 7 days, and "[i]f Respondents do not file an answer by this deadline, the matter will be deemed submitted." (ECF No. 11.) The time for respondents to file any answer has expired and no further briefing has been filed.

The evidence submitted by respondents indicates petitioner was detained by ICE officers who told him he was "under arrest" for an "immigration violation." (ECF No. 7-1 at 6.) The evidence does not indicate petitioner was provided notice of the underlying violation being alleged or afforded an informal interview to give him an opportunity to respond to the reasons for revocation, as required by 8 C.F.R. § 241.4(l) and 8 C.F.R. § 241.13(i). (Id.)

Where the record before the district court has not changed since the district judge's ruling on the motion for a temporary injunction and preliminary injunction, the undersigned

2

recommends the petition for writ of habeas corpus be granted based on a finding that respondents violated petitioner's Fifth Amendment due process rights when ICE failed to follow its own regulations. See Uzzhina v. Chestnut, 2025 WL 3458787, at *3-4. A permanent injunction should issue on the same terms as the preliminary injunction. Because the resolution of petitioner's procedural due process claim provides the relief requested, the court need not reach the other claims in this instance.

In accordance with the above, IT IS RECOMMENDED as follows:

1. The petition for writ of habeas corpus be GRANTED.

2. The preliminary injunctive relief previously granted (ECF No. 10) be made permanent.

3. The Clerk of Court be directed to enter judgment for petitioner, Ricardo Correa-Correa, A Number 206-465-918, and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within seven (7) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven (7) days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 16, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 corr1283.mer

3